UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:21-CR-137-GSL |
| TONY HAWKINS | |

**OPINION AND ORDER**

The Defendant, Tony Hawkins, has moved for the Court to allow him to withdraw his guilty plea. [DE 43]. In support of the motion, the Defendant argues that a more recent indictment encompasses the same offense in the instant case to which he pled guilty. For the following reasons, the Defendant's motion is denied.

A. **Procedural History**

In October 2021, a federal grand jury returned a single-count indictment against the Defendant, charging him with knowingly and intentionally distributing marijuana. [DE 1]. On June 13, 2023, the Defendant entered a plea of guilty to this indictment before a federal magistrate judge without the benefit of a written plea agreement. [DE 33]. On June 22, 2023, the Defendant was indicted in another case on two new charges: Count 1, RICO Conspiracy and Count 2, Conspiracy to Possess with Intent to Distribute and Distribute Cocaine, Marijuana, and Heroin. *United States of America v. Allen et al.*, 2:23-cr-00044 (N.D. Ind. June 22, 2023), [DE 1]. On June 28, 2023, this Court adopted the magistrate judge's findings and recommendations, and accepted the Defendant's guilty plea from June 13, 2023. [DE 36]. On December 8, 2023, the Defendant filed a motion to withdraw his guilty plea, which the Court addresses in the present order. [DE 42].

### B. Legal Standard

Rule 11 of the Federal Rules of Criminal Procedure governs plea agreements and a defendant's right to withdraw from a guilty plea. Fed. R. Crim. P. 11. After the Court accepts a guilty plea, but before sentencing, a defendant does not have an absolute right to withdraw a guilty plea but may do so only "if the defendant can show a *fair and just reason* for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) (emphasis added); *see United States v. Barr*, 960 F.3d 906, 917 (7th Cir. 2020).

The "fair and just Rule 11(d)(2)(B) escape hatch is narrow" and the "defendant's burden of showing the existence of a fair and just reason is heavy…." *United States v. Mays*, 593 F.3d 603 (7th Cir. 2010) (internal quotation marks omitted); *see also United States v. Cieslowski*, 410 F.3d 353 (7th Cir. 2005) ("[W]hen 'a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was given freely and knowingly, he faces an uphill battle in persuading the judge that his purported reason is fair and just.'") (internal citations omitted).

### C. Discussion

At the outset, the Court agrees with the Government that the Defendant's argument concerning an overlap in charged offenses would be more appropriately addressed in *United States of America v. Allen et al.*, 2:23-cr-00044 (N.D. Ind. June 22, 2023).[1] [DE 50]. Notwithstanding, both the Defendant and the Government present argument on the similarities or dissimilarities between the instant case and *United States of America v. Allen et al.*, 2:23-cr-

---

[1] The Government correctly points out in its Objection to Defendant's Motion to Withdraw Plea Agreement that Defendant may make the instant argument by way of a motion to dismiss, motion in limine, or by a request to run any future sentences concurrently should the Defendant be found guilty in the new indictment. *Cf. United States v. Schonback*, 921 F.2d 278 (7th Cir. 1990) (finding that prosecuting two overlapping counts did not create a fair and just reason for withdrawing the guilty plea. Instead, the proper relief was resentencing the defendant, such that the two counts amounted to the same offense).

00044 (N.D. Ind. June 22, 2023). For this reason, forgoing the appropriateness of forum question, the Court turns its attention to the arguments raised by each respective party.

The Defendant argues that the new June 22, 2023, indictment encompasses the same offense that the Defendant pled guilty to in the instant offense. [DE 48]. Specifically, the Defendant argues that the offense in the instant case implicates a singular event that falls within the alleged time periods of both counts of the new June 22, 2023, indictment. Moreover, the Defendant argues that he is unfairly prejudiced because the new indictment was filed over a year and a half after the indictment of the instant case. The Defendant indicates that the basis for withdrawing his guilty plea is the combination of the alleged overlap in offenses between the two indictments and the prejudice caused by the alleged delay in bringing the new indictment.

In its objection to the Defendant's Brief in Support of Motion to Withdraw Guilty Plea, the Government outlines the differences between the offenses of the two indictments. [DE 50]. In the present case, the Defendant is charged with dealing marijuana on July 3, 2019. The Government argues that in this case it must establish that the Defendant did 1) distribute, 2) marijuana, 3) on July 3, 2019. In the new June 22, 2023, indictment, the Defendant is charged with conspiring to distribute and possess 500 grams or more of cocaine, a quantity of marijuana, and a quantity of heroin, during a time period that ranged from 2016 to 2023. In the new case, the Government alleges that it must establish that 1) the Defendant and at least one other person, 2) conspired, 3) to distribute or possess with intent to distribute, 4) 500 grams or more of cocaine, a quantity of marijuana, and a quantity of heroin.

In reviewing the indictments at issue, the Court agrees with the Government that the offense in the new indictment alleges additional elements, drugs, people, and time, and therefore, it does not encompass the offense in the instant case. *See, e.g., United States v. Wood*, 983 F.2d

1074 (7th Cir. 1993) (rejecting the defendant's motion to withdraw his guilty plea because, even though the two prosecutions involved the same scheme, each charged offense occurred on different dates and affected different victims). Moreover, the Defendant's own assertion that "[he] should not suffer the penalties of a criminal conviction on a case with allegations included in a new Indictment which could have been returned over a year and a half ago," confirms that any fairness argument should be raised in *United States of America v. Allen et al.*, 2:23-cr-00044 (N.D. Ind. June 22, 2023). [DE 48].

"Fair and just" reasons under Rule 11 that support withdrawing a guilty plea include legal or actual innocence, not knowingly and voluntarily making the plea, and ineffective assistance of counsel. *See Barr*, 960 F.3d at 917-918. The Defendant does not rely on any of these reasons in his motion, nor does he point to any analogous bases. Instead, the Defendant argues that the new indictment against him encompasses the same offense to which he pled guilty to in the instant case and as such, it is fair and just to allow him to withdraw his guilty plea. The Court disagrees.

Defendant's Motion to Withdraw Guilty Plea is DENIED.

SO ORDERED.

ENTERED: April 15, 2024.

/s/ Gretchen S. Lund  
Judge  
United States District Court